No. 8765.

### MORRISON v. WASSON, TREASURER, ET AL.

TAXES.—*Injunction.*—*Contract.*—A proper construction of the stipulation, " taxes of 1875 to be paid by owners respectively," contained in a proposition made by L. to M., on the 25th day of March, 1875, to exchange a city block for bank stock, which proposition was accepted, imposed the duty upon M. to pay the taxes for 1875 upon the bank stock and precluded him from enjoining their collection.

From the Marion Superior Court.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellant.
*J. A. Henry,* for appellees.

BEST, C.—This action was brought by the appellant against William Wiles, treasurer of the city of Indianapolis, and the other appellees, to enjoin the treasurer from collecting the taxes assessed for the year 1875, upon 160 shares of $100 each, of the stock in the Merchants' National Bank, of Indianapolis, Indiana, of the appellant.

The facts averred in the complaint are, in substance, these : That the appellant was the owner of the stock in question on the 26th day of March, 1875, and on that day he sold the same, with some real estate, to Lewis Shively, one of the appellees, in pursuance of a written agreement, a copy of which is filed, and made a part of the complaint ; that on said day all the property mentioned in said agreement was transferred except said stock, which, at the request of said Shively, was not transferred upon the books of the bank until the 6th day of April thereafter ; that the officers of said bank, after the

transfer of said stock, with full knowledge that Shively was the equitable owner of said stock on and after the 26th day of March previous, made out a list of the stockholders of said bank, showing that the appellant owned said stock on the 1st day of April, and delivered the same to the auditor of Marion county, Indiana, as required by section 64 of the act for the assessment of taxes; that afterward said auditor delivered a copy of said statement to the mayor of the city of Indianapolis, as required by law, and appellant was, by the proper officers of said city, assessed $240 as taxes upon said stock; that at the times when said statement was made and said copy delivered, the appellant was ignorant that any statement had been made, and that the officers of said bank neglected to inform the officers of said city that the appellant was not the owner of said stock; that after the 6th of April said stock was transferred from person to person, and was then owned by the appellees Pratt, Farley and Malott; that Shively has since become and remains wholly insolvent, and unless the treasurer is enjoined from collecting said taxes from the appellant, he is without remedy. Prayer, that the treasurer of the city be enjoined, and, if not, that the appellant be subrogated to the right of the city against the bank and Shively.

The contract was as follows:

"INDIANAPOLIS, March 25th, 1875.

"I will sell my block on Alabama and Massachusetts avenue on the following terms, to wit:

| | |
|---|---:|
| Bank stock at its value | $20,000 |
| Cash in hand | 10,000 |
| Note one year at six per cent | 6,800 |
| Incumbrances assumed, seven per cent | 18,200 |
| Thirty lots in Morrison & Talbott's addition | 30,000 |
| Thirty-two average lots in Murphey S. E. addition | 16,000 |
| | $101,000 |

"I transfer insurance, $15,000, without expense to the purchaser; taxes of 1875 to be paid by owners respectively;

possession given April 1st, 1875 ; the semi-annual dividend due May 1st, 1875, to be divided equally.

"Lewis Shively."

" I accept the above terms.

"W. H. Morrison."

A demurrer for want of facts was sustained to the complaint, and this ruling presents the only question in the record. After this appeal was taken, but before the submission of the cause, the death of William Wiles was suggested and the present treasurer of the city of Indianapolis, William G. Wasson, was substituted.

The appellees insist that by the terms of the contract the appellant bound himself to pay these taxes, and if such is the fact the ruling was right. This fact depends upon the proper construction of the following stipulation : " Taxes of 1875 to be paid by owners respectively." The appellant insists that this stipulation means that each party was to pay the taxes of 1875 upon the property he was to receive, and not upon the property he was selling. We do not concur in this view. Each owned some of the property and each was to pay the taxes of 1875 upon his property. What property? The property then owned by him, or the property to be acquired by him? Manifestly the former. The term " owner " implies a present proprietor and not one who may hereafter acquire property. The term " property " is understood in the above stipulation, and it is read as though it were written " taxes of 1875 to be paid by owners of property respectively." Owners of what property? Of that mentioned in the contract and owned by each when the stipulation was made. The language is found in a proposition made by Shively to the appellant for an exchange of property, and it must apply to the property owned by each at the time the proposition was made. At that time appellant owned the stock, and the stipulation, in our opinion, was equivalent to a proposition upon the part of Shively, that he would pay the taxes upon his block, and that appellant should pay upon

his block. The language itself does not imply that each was to pay upon property to be owned, but to property then owned, and, as appellant then owned the stock, we think the stipulation obligated him to pay the taxes. Again, every stipulation should be construed so as to render it effective. By the terms of the contract the property was to be transferred at once, and, had it been, the law would have imposed the duty upon Shively, in the absence of an agreement to the contrary, to pay the taxes of 1875 upon the property he received by the transfer, and a like duty upon the appellant. By statute, the taxes of 1875 did not become a lien until the 1st day of April, and by the contract each would not have owned the property he was transferring at that time, and would not have been liable for the taxes thereon, without an agreement to pay them.

If it was intended that each should pay the taxes upon the property he was transferring, it was necessary to stipulate for their payment; but, if it was not so intended, no stipulation whatever was necessary, as the law would not have imposed any such obligation upon him. If, on the other hand, it was intended that each was to pay upon the property he was receiving, no stipulation was necessary, as the law would have imposed such obligation without an agreement. Unless the stipulation means that each is to pay the taxes upon the property he is transferring, it imposes no obligation that the law would not have imposed in its absence, and is really without meaning. We think it was intended and must be construed to impose an obligation upon the appellant that the law did not impose, and that it bound him to pay the taxes in question. It being his duty to pay the taxes, of course he can not enjoin their collection. For these reasons we think the demurrer to the complaint was properly sustained, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the costs of appellant.